812 March 12, 2025 No. 221

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICKI MARIE GONZALEZ,
*Defendant-Appellant.*

Deschutes County Circuit Court
23VI64576; A182719

Andrew C. Balyeat, Judge pro tempore.

Submitted February 3, 2025.

Vicki M. Gonzalez filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant, appearing *pro se*, appeals a judgment of conviction for driving while uninsured, ORS 806.010, entered after a police corporal stopped her for failing to stop at a stop sign and ultimately impounded her vehicle.[1] On appeal, defendant raises three assignments of error. For the following reasons, we affirm.

*Traffic stop.* In her first assignment of error, we understand defendant to argue that the corporal violated her rights under the state and federal constitutions because he lacked reasonable suspicion to stop her.

The Supreme Court has explained that "[d]etermination of the legality of searches and seizures depends largely on the facts of each case. What actually happened is a question of fact for the trial court. A trial court's findings of historical fact are binding on appellate courts if there is constitutionally sufficient evidence in the record to support those findings." *State v. Ehly*, 317 Or 66, 74-75, 854 P2d 241 (1993) (citation omitted). Accordingly, "[o]ur function is to decide whether the trial court applied legal principles correctly to those facts. If findings of historical fact are not made on all pertinent issues and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion." *Id.* at 75 (citation omitted).

As relevant here, "[a]n officer has reasonable suspicion that a person has or is about to commit a crime if the officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts." *State v. Wiseman*, 245 Or App 136, 140, 261 P3d 76 (2011) (internal quotation marks and brackets omitted). "A stop must be based on the officer's subjective belief that a crime has been or is about to be committed, and that subjective belief must be objectively reasonable under the

---

[1] ORS 806.010(1)(a) provides, in relevant part, that a person drives while uninsured when "the person operates a motor vehicle in this state on any highway or premises open to the public in this state without *** being insured while driving the vehicle under a motor vehicle liability insurance policy that meets the requirements described under ORS 806.080."

totality of the circumstances. The statutory standard represents a codification of both state and federal constitutional standards." *Id.* (citation omitted); *State v. Farrar*, 252 Or App 256, 260, 287 P3d 1124 (2012) ("The officer must be able to point to specific and articulable facts, interpreted in the light of the existing circumstances and his experience, that the person has committed or is about to commit a crime." (Internal quotation marks omitted.)).

We conclude that the trial court did not err. Here, the record demonstrates that the trial court implicitly determined that the corporal had reasonable suspicion to stop defendant.

> "[THE COURT]:   So, the evidence that I've heard is that [the corporal] pulled [defendant] over because of what he perceived to be an improper complete stop and upon further questioning and upon further inquiry of the driver. The driver admitted that she did not have insurance. It's required in the state of Oregon."

As a consequence, the trial court found "by a preponderance of the evidence that [defendant was] not driving with valid insurance of the time and the date of the citation as required by Oregon law and therefore we're find[ing] [defendant] guilty of driving without insurance."

We have reviewed the record and conclude that the evidence supports the trial court's findings. Specifically, the corporal testified that he saw defendant driving on a public highway and that she failed to stop at a stop sign. The corporal then "activated [his] overhead lights to get the vehicle to stop. The vehicle continued past several safe pull outs, so [he] then had to activate [his] siren trying to get it to pull over." Thus, the corporal "point[ed] to specific and articulable facts" that defendant had committed the offense of failure obey a traffic control device, ORS 811.265.[2] *Farrar*, 252 Or App at 260 (internal quotation marks omitted). Because we are bound by the trial court's findings that are supported by the record, *Ehly*, 317 Or at 74-75, we conclude that the trial court did not err in determining that the corporal had reasonable suspicion to stop defendant.

---

[2] ORS 811.260 provides that a stop sign is a "traffic control device."

*Vehicle tow.* In her second and third assignments of error, we understand defendant to challenge the trial court's denial of her motion to consolidate the case concerning the towing of her vehicle—in which she lived—with her citation for driving while uninsured. We are unable to review those assignments of error.

Here, the record demonstrates that the corporal ordered defendant's vehicle to be towed under ORS 809.120.[3] In turn, ORS 819.190 permits a person whose car is towed under ORS 819.120 to "request a hearing * * * to contest the validity of the towing and custody." Defendant acknowledges that she received such a hearing and that the court found that the towing was valid. Because the court's determination from that hearing "is final and is not subject to appeal," ORS 819.190(11), we are unable to review defendant's arguments.

Affirmed.

---

[3] ORS 819.120(1) provides, in relevant part, that an officer "may immediately take custody of and tow a vehicle that is * * * left standing unattended on a road or highway right of way and that is in such a location as to constitute a hazard or obstruction to motor vehicle traffic using the road or highway." *See also* ORS 809.720(1)(d) (providing that an "officer who has probable cause to believe that a person, at * * * the time the police officer stops the person, has committed" the offense of driving while uninsured, ORS 806.010, "may, without prior notice, order the vehicle impounded").